UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA FRANKLIN,

            Plaintiff,

vs.                                        Case No. 2:07-cv-23-FtM-29DNF

INTERNAL REVENUE SERVICE,

            Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of the government's Motion to Dismiss (Doc. #10), filed February 9, 2007, and the government's Motion to Dismiss for Failure to Prosecute, or Alternatively, for Stay of Discovery (Doc. #13), filed on April 25, 2007. No response has been filed to either motion and the time to do so has now expired. The Court notes that plaintiff has not made herself available to prepare a Case Management Report or to confer pursuant to Local Rule 3.01(g).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain

statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing Fed. R. Civ. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (May 21, 2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## II.

The "Complaint: To Show Cause for Claim of Lien and to Discharge by Cancellation" (Complaint) (Doc. #2) was removed from

the Twentieth Judicial Circuit Court, in and for Lee County, Florida, on January 18, 2007. The Complaint was filed by Patricia Franklin, "personally and as nominee for L & P Drywall Trust, P. & L. Trust, et al" against the "Internal Revenue Service, Executive in Charge et al." (IRS). Taking all allegations as true, plaintiff alleges that the IRS filed Federal Tax Liens against her, her husband, and various entities starting in 1993 through 1997, that she has no knowledge of a contractual or legal basis for the liens, and that no action to enforce the liens has been made under Fla. Stat. § 713.22(1) within the time limit proscribed. Plaintiff contests the validity of the tax liens and seeks a hearing to demonstrate why they should be cancelled and to discharge the liens.[1]

### III.

The government argues that plaintiff did not name the correct governmental entity as a defendant, that service of process was improper, sovereign immunity was not waived, and that plaintiff otherwise fails to state a claim for relief.

### A.

The Court agrees with defendant that "Internal Revenue Service, Executive in Charge" is not the correct party. The Court finds that the United States is the proper party in this case, and

---

[1] The government states that the liens may have expired and verification is in the process. (Doc. #10, p. 3 n.1.)

given plaintiff's *pro se* status will substitute the United States as the defendant.

**B.**

Under Fed. R. Civ. P. 4(i)(1), service of process upon the United States, its agencies, officers, or employees is generally effected:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

See also 28 U.S.C. § 2410(b). In this case, the Summons (Doc. #1-2) reflects that the IRS was served with the Complaint. Plaintiff has not provided any proof of service with regard to the U.S. Attorney, or Assistant U.S. Attorney so designated for service of process, or the Attorney General. Therefore, the motion is granted for insufficiency of process.

**C.**

The United States asserts that it is immune from suit in this case. "The United States, as sovereign, is immune from suit save as it consents to be sued. [ ] Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. . . . A waiver of sovereign immunity must be "unequivocally expressed," and an expressed waiver will be strictly construed. [ ] Sovereign immunity, when applicable, is "a complete bar to lawsuits" against the United States." Ishler v. IRS, No. 06-14233, 2007 WL 749746, *4 (11th Cir. Mar. 13, 2007)(citations omitted).

The federal government has waived its sovereign immunity for private causes of action for damages for failure to release a lien, 26 U.S.C. § 7432, after exhaustion of administrative remedies. Under 28 U.S.C. § 2410(a), the United States has waived its sovereign immunity in an action to foreclose a lien or to quiet title, or challenge the procedural validity of a tax lien. Stoecklin v. United States, 943 F.2d 42, 43 (11th Cir. 1991). In this case, plaintiff does not seek damages but rather seeks to discharge or cancel the liens. To the extent that the action challenges the lien, the Court will deny the motion and find immunity has been waived.

**D.**

It is clear that plaintiff's reliance on Florida statutes is misplaced. A federal tax lien remains until satisfied or until it

becomes legally unenforceable.  26 U.S.C. § 6325(a)(1).  <u>See also</u> 26 U.S.C. § 6322.  With a few exceptions not applicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).  <u>See also</u> <u>Leves v. IRS, Comm'r</u>, 796 F.2d 1433, 1435 (11th Cir. 1986).  In this case, assuming exhaustion with the tax court has occurred, the action would be barred under the Anti-Injunction Act of § 7421 because plaintiff has an adequate remedy at law - to pay the tax and sue for a refund.  <u>Hobson v. Fischbeck</u>, 758 F.2d 579, 581 (11th Cir. 1985); <u>United States v. Kaplowitz</u>, 201 Fed. Appx. 659, 663 (11th Cir. 2006); <u>Enax v. United States</u>, No. 06-14774, 2007 WL 708976 (11th Cir. Mar. 8, 2007).  To the extent that declaratory relief is sought, the Declaratory Judgment Act "is at least as broad as the prohibition of the Anti-Injunction Act." <u>Alexander v. "Americans United", Inc.</u>, 416 U.S. 752, 2057 n.10 (1974).  Therefore, plaintiff cannot state a claim for relief as set forth in the Complaint.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  The government's Motion to Dismiss (Doc. #10) is **GRANTED** and the case is **dismissed without prejudice**.  The Clerk shall enter judgment accordingly, terminate all deadlines, and close the case.

2. The government's Motion to Dismiss for Failure to Prosecute, or Alternatively, for Stay of Discovery (Doc. #13) is **DENIED as moot**.

**DONE AND ORDERED** at Fort Myers, Florida, this   25th   day of June, 2007.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Parties of record